IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>HUNTER VANPELT | Criminal Action No.<br><br>1:20-MJ-00821 |

**Opposition to Motion to Modify Conditions of Release**

The United States of America, by Byung J. Pak, United States Attorney, and Christopher J. Huber, Assistant United States Attorney for the Northern District of Georgia, files this Opposition to Motion to Modify Conditions of Release.

The defendant, Hunter VanPelt, seeks to have this Court modify the conditions of her release by removing the requirement that she wear an ankle monitor, claiming that it complicates planned medical procedures. VanPelt acknowledges in her motion that the ankle monitor does not make the planned medical procedures impossible and does not include any information about what steps her medical providers would need to take due to the ankle monitor (her motion does not include any information from any medical provider discussing the difficulties created by the ankle monitor).

The government opposes the motion. VanPelt poses a flight risk. She was a citizen of Liberia and presumably can obtain a Liberian passport. At her initial appearance, she admitted to having a Ghanaian passport (which she surrendered), but, again, presumably she could obtain another one. She

continues to have relatives and business associates in Africa. Her father apparently lives in Ghana. And, according to VanPelt's mother, VanPelt sends money to Liberia to construct a health clinic and has purchased the land for the clinic. In addition, also according to her mother, there is a family trust that owns several acres of land in Liberia.

According to press reports (attached as Exhibits 1 and 2), VanPelt[1] was charged with economic sabotage, criminal facilitation, conspiracy to defraud the government, and making unauthorized transfers of funds from government accounts by Liberia. *See* Exs. 1 and 2. While those charges were pending, according to those same articles, VanPelt "clandestinely left Liberia with the help of some top security personalities." Ex. 1.

Ultimately, the Court should deny VanPelt's motion. She has the ability to obtain a non-United States passport. She has the contacts and resources to flee to Africa. Apparently she has actually fled from criminal prosecution in the past. The ankle monitor does not make it impossible for VanPelt to obtain the medical services she requires.[2] Because of these facts, the ankle monitor is required to reasonably assure VanPelt's appearance for all Court proceedings.

---

[1] VanPelt changed her name from Ellen Corkrum in 2016. VanPelt's mother was unaware of VanPelt's current name in October of this year.

[2] If a medical professional provided evidence that a necessary procedure was impossible because of the ankle monitor, the government would consider consenting to a one-day relaxation of the ankle monitor requirement to allow the procedure to occur.

## Conclusion

For the reasons stated, the Court should deny the defendant's Motion to Modify Conditions of Release.

Respectfully submitted,

BYUNG J. PAK
*United States Attorney*

/s/ CHRISTOPHER J. HUBER
*Assistant United States Attorney*
Georgia Bar No. 545627
chris.huber@usdoj.gov

600 U.S. Courthouse, 75 Ted Turner Drive S.W., Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

>Akil Secret
>Keith Adams
>*Counsel to Hunter VanPelt*

December 31, 2020

>/s/ CHRISTOPHER J. HUBER
>CHRISTOPHER J. HUBER
>*Assistant United States Attorney*