IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HUNTER VANPELT,<br>BOP ID 11439-509,<br>      Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>      Respondent. | CIVIL ACTION NO.<br>1:23-CV-112-MHC-RDC<br><br>CRIMINAL ACTION NO.<br>1:21-CR-6-MHC-RDC |

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on Hunter VanPelt's pro se motion to vacate, set aside or correct her sentence under 28 U.S.C. § 2255 [Doc. 99]. The Rules Governing Section 2255 Cases in the United States District Courts provide that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge *must* dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. foll. § 2255, Rule 4(b) (emphasis added). For the reasons stated below, I **FIND** and **CONCLUDE** that it plainly appears that VanPelt is not entitled to relief, and I **RECOMMEND** that VanPelt's § 2255 motion be **DISMISSED** pursuant to Rule 4(b).

In August 2021, VanPelt (aka Hunter Lauren VanPelt; aka Ellen Corkrum; aka Ellen Yabba Kwame Corkrum) pled guilty to a criminal information charging her with bank fraud in violation of 18 U.S.C. § 1344. *See* [Doc. 52]. More

specifically, VanPelt was charged with "submit[ing] and caus[ing] to be submitted six false and fraudulent [COVID-19-relief-related Payroll Protection Program] loan applications" on behalf of six entities that she owned or controlled using three different names.  *See* [Crim. Info. at 6].  VanPelt was (A) sentenced to serve a 41-month term of imprisonment and a 5-year term of supervised release and (B) ordered to pay restitution of $7,002,031.50.  *See* [Doc. 74 at passim].  VanPelt also agreed to forfeit $2,077,381.12 in funds already seized by the government.  *See* [*id.* at 7 (incorporating Doc. 54 (Consent Preliminary Order of Forfeiture)].  VanPelt was represented by retained counsel during her plea, sentencing, and forfeiture proceedings.

VanPelt has now filed a pro se § 2255 motion, raising four grounds for relief. *See* [Doc. 99].  For the sake of completeness, VanPelt's asserted grounds for relief and all the information she provided in support of each of them are quoted below in their entirety.  And, because VanPelt is proceeding pro se, I have liberally construed her § 2255 motion.  *See, e.g.*, *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014).

In Ground One, VanPelt contends as follows:

LACK OF SENTENCING DATA PRESENTED FOR SENTENCE. UPON RESEARCH AND PRECEDING COURT RULINGS, I HAVE COME TO LEARN THAT NOT INCLUDING SENTENCING DATA

2

FOR MY SENTENCING IS A VIOLATION OF CONSTITUTIONAL RIGHTS.

[Doc. 99 at 5 (unaltered)]. Here, VanPelt identified no factual support for her conclusory assertion, and this omission alone is sufficient reason to deny her relief because "fact pleading," not "notice pleading," is required in a § 2255 motion. *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011); *see also* 28 U.S.C. foll. § 2255, Rule 2(b)(2). Furthermore, I have reviewed the record–including the sentencing materials submitted by VanPelt's retained counsel [Doc. 71] and the sentencing hearing transcript [Doc. 81]–and it does not appear that there was any "sentencing data" that the Court failed to consider in violation of the Constitution. VanPelt is plainly not entitled to relief on this ground.

In Ground Two, VanPelt contends as follows:

Mental Health Incapacity prevented defendant from appreciating the Quality or the Wrongfulness of her acts. According to Forensic Evaluation (Psychiatry) required by COURT, prior to accepting plea, Dr. M.W. Norman M.D. DFAPA wrote: Page one, Para three …. There was some evidence that as a result of Ms. Corkrum's severe mental diseases, she was unable to appreciate the nature and quality or wrongfulness of her acts. . . . Page Ten, Para Four . . . . But for her Posttraumatic Stress Disorder and BiPolar II Disorder, Ms. Corkrum would likely not have engaged in the alleged offenses. This forensic Report was filed and presented to the Court in July, 2021.

[Doc. 99 at 6 (unaltered)]. The report that VanPelt cites was prepared at her counsel's request and at her expense, and that report went on to conclude that while

3

she "would benefit from continued ongoing mental health treatment given the seriousness of her illnesses," she was "competent to stand trial and assist her counsel in preparing a proper defense." [Doc. 49 at 1, 10]. This Court subsequently held a hearing to review the psychiatric report, admitted additional exhibits, carefully considered VanPelt's mental capacity issues, and accepted her guilty plea. *See* [Docs. 50, 52, 55, 56, 60, 61]. VanPelt's retained counsel expressly represented to the Court that Dr. Norman "was quite clear that he does not believe that [her] mental health issues rise to the level of a defense, however, he does believe that they are significantly mitigating." [Doc. 61 at 10]. In her § 2255 motion, VanPelt has presented no new facts, evidence, or other basis for revisiting Dr. Norman's determination that her mental health issues did not rise to the level of a defense or the Court's conclusion that she entered a valid guilty plea. VanPelt is plainly not entitled to relief on this ground.

  In Ground Three, VanPelt contends as follows:

> Prosecutors & Attorneys misleading the Court that they gave me deathening threats (knives, guns & bombs) to force Guilty Plea on August 18. These facts are supported through recordings (audio) & the write up that I subsequently presented to the Court to which the Court summoned all parties in September 2021. As I recall, the Court said I may take this up in postconviction relief.

[Doc. 99 at 7 (unaltered)]. Here, VanPelt is referring to a pro se letter she sent to the Court after entering her guilty plea, raising concerns about her plea and counsel. *See*

[Doc. 58]. The Court held a hearing to inquire into VanPelt's concerns and her desired course of action. *See* [Docs. 64, 65]; *see also* [Docs. 60, 61 (addressing earlier "coercion" claims)]. Subsequently, VanPelt elected to "maintain her current plea and plea agreement and proceed with the sentencing hearing." [Doc. 66].

In sum, when the Court addressed VanPelt's "coercion" claims, there was no evidence that VanPelt was subjected to actual death (or "deathening") threats involving "knives, guns & bombs" to coerce her into pleading guilty. All that had occurred was that VanPelt's retained counsel employed common figures of speech (e.g., "a gun to your head") to describe the choice she faced between pleading guilty (with the certain prospect of receiving a shorter sentence) or going to trial (with the uncertain (but highly probable) prospect of receiving a lengthier sentence). A principal complaint in VanPelt's letter to the Court was that the government set a deadline for her to respond to a plea offer that was shorter than she would have liked, causing her to feel "pressure." But setting deadlines during plea bargaining negotiations is something the government is unquestionably permitted to do. And VanPelt has proffered no new evidence in her § 2255 motion indicating that anything more happened. Simply put, the choice VanPelt faced between pleading guilty and going to trial did not amount to unconstitutional "coercion" and void her plea agreement then, and it does not amount to unconstitutional "coercion" now.

"[T]he reality [is] that criminal justice today is for the most part a system of pleas, not a system of trials." *Lafler v. Cooper*, 566 U.S. 156, 170 (2012). "Ninety-seven percent of federal convictions and ninety-four percent of state convictions are the result of guilty pleas." *Missouri v. Frye*, 566 U.S. 134, 143 (2012). "To note the prevalence of plea bargaining is not to criticize it." *Id.* at 144. And "[w]hile confronting a defendant with the risk of more severe punishment clearly may have a discouraging effect on the defendant's assertion of his trial rights, the imposing of these difficult choices [is] an inevitable–and permissible–attribute of any legitimate system that tolerates and encourages the negotiation of pleas." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) (quotation marks and citation omitted; brackets in original)]. Here, where there were no actual death threats or other conduct amounting to legally cognizable "coercion" in the context of plea bargaining, VanPelt is plainly not entitled to relief on this ground.

In Ground Four, VanPelt contends as follows:

> Prosecutor's violation (plain error) of plea agreement. The plain error occurred when the government breached the plea agreement and the breach prejudiced me (defendant) and seriously affected the integrity, fairness, and public reputation of the proceedings. The government breached its promise in the plea agreement to recommend a sentence, not just within, but also at the lower end of the guideline range, by advocating for an above-guideline sentence. Yes, the prosecutor asked for an increased sentence, contrary to our plea agreement.

[Doc. 99 at 9]. This contention is contradicted by the record.

With caveats not relevant here, the government stated in the plea agreement ("and the Defendant agree[d] that"): the applicable offense guideline was U.S.S.G. § 2B1.1, the amount of loss was more than $3,500,000 but less than $9,500,000, there would be a 2-level upward adjustment pursuant to U.S.S.G. § 2B1.1(b)(17)(a), and it would recommend a 2-level downward adjustment for acceptance of responsibility. [Doc. 52-1 at 6]. The government also "agree[d] to recommend that the Defendant be sentenced at the low end of the adjusted range. [*Id.* at 7].

In preparing a pre-sentence report for the Court, a probation officer recommended that VanPelt also receive an upward adjustment for using "sophisticated means" pursuant to U.S.S.G. § 2B1.1(b)(10)(C). *See* [Doc. 81 at 9]. VanPelt objected. *See* [*id.*]. And the Court sustained VanPelt's objection. *See* [*id.* at 22–24]. The Court then calculated the guideline range using the base offense guidelines and adjustments agreed by the government and VanPelt in the plea agreement, except that it gave her a 3-level downward adjustment for acceptance of responsibility rather than a 2-level downward adjustment. *See* [*id.* at 26-28]. As the Court stated, this resulted in a "custody guideline range [of] 51 to 63 months." [*Id.* at 27]. At the conclusion of its argument regarding an appropriate sentence for VanPelt, the government "recommended the 51 months, the low end of the guideline range that your Honor found." [*Id.* at 33]. Contrary to VanPelt's assertion in her

7

§ 2255 motion that the government breached the plea agreement, it clearly did not. And even if the government had breached the plea agreement, VanPelt suffered no injury because the Court in any event departed *downward* from the guideline range, imposing only a 41-month term of imprisonment. [*Id.* at 54] VanPelt is plainly not entitled to relief on this ground.

I further **RECOMMEND** that a Certificate of Appealability be **DENIED** because VanPelt does not meet the requisite standard. *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000); 28 U.S.C. § 2253(c)(2).

I **FIND** and **CONCLUDE** that an evidentiary hearing is not required because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), and the Court "need not hold a hearing if the allegations are patently frivolous, based on unsupported generalizations, or affirmatively contradicted by the record," *Winthrop-Redin*, 767 F.3d at 1216 (quotation marks and citation omitted).

If VanPelt files objections to this Final Report and Recommendation, the government may file a response and argue, if appropriate, that VanPelt waived in her plea agreement the right to bring some (or all) of the four grounds for relief raised in her § 2255 motion. *See* [Doc. 52-1 at 14 (limited waiver of appeal and collateral attack rights)].

I **DIRECT** the Clerk to terminate the referral of this case to me.

**SO REPORTED AND RECOMMENDED**, this 6th day of April, 2023.

_____
REGINA D. CANNON
UNITED STATES MAGISTRATE JUDGE