IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HUNTER VANPELT, <br> BOP ID 11439-509, <br><br> Movant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | MOTION TO VACATE <br> 28 U.S.C. § 2255 <br><br> CRIMINAL ACTION FILE <br> NO. 1:21-CR-0006-MHC-RDC <br><br> CIVIL ACTION FILE <br> NO. 1:23-CV-112-MHC-RDC |

## ORDER

Movant Hunter Vanpelt has filed a motion to vacate, set aside, or correct an allegedly illegal sentence in accordance with 28 U.S.C. § 2255 ("Motion to Vacate") [Doc. 99]. This matter is before the Court on the Final Report and Recommendation of the Magistrate Judge [Doc. 100] ("R&R") recommending that the motion to vacate be denied and that a certificate of appealability not be issued. The Order for Service of the R&R [Doc. 101] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. On April 21, 2023, Movant filed her objections to the R&R ("Movant's Objs.") [Doc. 102].

In reviewing a Magistrate Judge's R&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (internal quotation marks omitted) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no plain error on the face of the record in order to accept the recommendation. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a de novo review of those portions of the R&R to which objections have been made and has reviewed the remainder of the R&R for plain error. See Slay, 714 F.2d at 1095.

In her R&R, the Magistrate Judge concluded that: (1) there is nothing in the record to indicate that the Court failed to consider any "sentencing data" presented at her sentencing hearing, (2) nothing was presented to the sentencing court to

2

indicate that there were any mental health issues that were significantly mitigating with respect to the crime to which Movant pleaded guilty, (3) there is no evidence that Movant was coerced to plead guilty because of any threats involving "knives, guns, & bombs" and, after the Court conducted a hearing to determine whether Movant desired to maintain her plea and plea agreement, Movant elected to proceed with her plea and plea agreement, and (4) there is no evidence that the Government breached the plea agreement, which called for the Government to recommend a low guideline sentence of 51 months imprisonment, not to mention that the Court departed downward from the guideline range to impose a 41-month custodial sentence. R&R at 2-8.

In her objections, Movant objects to "the full findings of the Magistrate Court Judge" and contends the conclusions of the Magistrate Judge "are plainly in error" and that an evidentiary hearing should be held. Movant's Objs. at 2. Movant fails to indicate any reason that any particular finding to conclusion is in error and suggests that it is impossible to "argue in a limited response" each such error.

> The district court is not required to grant a petitioner an evidentiary hearing if the § 2255 motion "and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see Anderson v. United States, 948 F.2d 704, 706 (11th Cir.1991). The district court should order an evidentiary hearing and rule on the merits of a petitioner's claim, however, "if the petitioner

3

> alleges facts that, if true, would entitle [her] to relief." Aron [v. United States], 291 F.3d [708,] 714–15 [11th Cir. 2002] (internal quotation marks omitted). Nevertheless, an evidentiary hearing is unnecessary when the petitioner's allegations are " 'affirmatively contradicted by the record' " or if such claims are " 'patently frivolous.' " Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir.1989) (quoting United States v. Guerra, 588 F.2d 519, 520–21 (5th Cir. 1979)).

Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015). In this case, Movant's claims are contradicted by the record and patently frivolous, so no evidentiary hearing is required.

Moreover, Movant makes no specific objections to any of the Magistrate Judge's findings, but instead makes a general objection after incorporating her four grounds raised before the Magistrate Judge. Movant's Objs. at 1-2. This Court need not consider any "frivolous, conclusive, or general objections" to the R&R, Marsden, 847 F.2d at 1548; in addition, "a party does not state a valid objection to an R&R by merely incorporating by reference previous filings. United States v. Middleton, 595 F. Supp. 3d 1277, 1283 (N.D. Ga. 2022) (citation omitted).

Consequently, after consideration of Movant's objections and a de novo review of the record, it is hereby **ORDERED** that Movant's Objections to the R&R [Doc. 102] are **OVERRULED**.

4

The Court **APPROVES AND ADOPTS** the Final Report and Recommendation [Doc. 100] as the Opinion and Order of the Court. It is hereby **ORDERED** that Movant's motion to vacate, set aside, or correct an allegedly illegal federal sentence in accordance with 28 U.S.C. § 2255 [Doc. 99] is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED** because Movant has not met the requisite standard. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Movant may not appeal the denial of her motion but may seek a certificate from the United States Court of Appeals for the Eleventh Circuit under Federal Rule of Appellate Procedure 22. Rule 11(a), Rules Governing § 2255 Proceedings for the United States District Courts.

The Clerk is **DIRECTED** to close the civil case file.

**IT IS SO ORDERED** this 18th day of May, 2023.

*/s/ Mark H. Cohen*
MARK H. COHEN
United States District Judge